Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3586 | **DATE** | 9/17/2001 |
| **CASE TITLE** | Zurba vs. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court denies without prejudice defendant's motion in limine to bar treating physicians from offering expert testimony (44-1).

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 18 2001 date docketed | |
| | Docketing to mail notices. | | | 59 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FOR DOCKETING | | |
| OR | courtroom deputy's initials | 01 SEP 17 PM 1: 20 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LUDMILLA ZURBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 99 C 3586 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | SEP 18 2001 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In this case under the Federal Tort Claims Act, the Court found the defendant liable in a bifurcated trial and set a date for trial on the issue of damages. Defendant has moved *in limine* to preclude one of plaintiff's treating doctors, Dr. Cesar Romero, from offering what defendant has characterized as "expert" testimony.

Dr. Romero treated plaintiff in connection with her injuries that are at issue in this case. Plaintiff disclosed Dr. Romero in response to interrogatories asking her to identify physicians who had treated her. Pltf's Response, Ex. 1. Defendant obtained copies of all of the records of Dr. Romero's treatment of plaintiff. Plaintiff did not provide an expert report from Dr. Romero pursuant to Rule 26(a)(2). However, on December 22, 2000, plaintiff's attorney sent defendant's attorney a letter stating that Dr. Romero, though not retained as an expert, would offer opinion testimony at trial based on his treatment of plaintiff and his education, training, and experience concerning the nature of plaintiff's condition, its cause, the permanency of her condition, and the necessity and cost of future medical care. Pltf's Response, Ex. 3.

Defendant took Dr. Romero's deposition in late January 2001. Prior to the deposition, defendant's counsel advised plaintiff's counsel as follows:

> [I]n the event that the plaintiff seeks to offer expert opinions that fall within Federal Rule of Civil Procedure 26(a)(2), that Rule sets forth specific requirements regarding disclosure of the expert and a report. We expect that the plaintiff will comply with that Rule.
>
> As matters stand, we understand Drs. Romero, Torrence and Franklin to be the plaintiff's treating physicians. Thus, we will proceed with the depositions of these doctors based on the understanding that they are plaintiff's treating physicians and not Rule 26(a)(2) experts. As you know, treating physicians are permitted to testify about matters with in [sic] their personal knowledge, based on their observations during the course of treating the plaintiff. *See, e.g., Patel v. Gayes*, 984 F.2d 214, 218 (7th Cir. 1993); *Barrett v. International Armaments, Inc.*, 1999 WL 199253, *6 (N.D. Ill. 1999).

Dfdt's Reply, Ex. A. Although the Court does not have a copy of Dr. Romero's deposition, based on colloquy at the final pretrial conference, it appears that defendant's counsel elected not to question Dr. Romero about the issues described in plaintiff's December 22, 2000 letter.

Defendant now argues that because plaintiff did not submit a report from Dr. Romero under Rule 26(a)(2), the Court should bar Dr. Romero "from testifying on matters that exceed [his] own personal observations made during the course of treatment, such as issues of causation, permanency of injury, disability, and future pain and suffering." Dfdt's Motion, p. 1.

Rule 26(a)(2) was added to the Federal Rules in 1993. Rule 26(a)(2)(A) requires a party to identify any witness who will give opinion testimony within the meaning of Rules 702, 703, and 705. Fed. R. Civ. P. 26(a)(2)(A). Plaintiff complied with that Rule. The issue raised by defendant concerns Rule 26(a)(2)(B), which requires, with respect to a witness who is retained or specially employed to provide expert testimony, the disclosure of a report containing a statement of all opinions, data, exhibits, qualifications (including publications authored in the preceding ten

2

years), compensation, and a listing of any other cases in which the witness has testified within the preceding four years.

The requirement of a written report in Rule 26(a)(2) applies only to experts retained or specially employed to provide such testimony. *See Cicero v. Paul Revere Life Insurance Co.*, No. 98 C 6467, 2000 WL 656666, at *2 (N.D. Ill. Mar. 23, 2000) (Kocoras, J.); *Sircher v. City of Chicago*, No. 97 C 6694, 1999 WL 569568, at *2 (N.D. Ill. July 28, 1999) (Shadur, J.). As the Advisory Committee Notes accompanying the 1993 amendments (which added Rule 26(a)(2)) state, "[a] treating physician ... can be deposed or called to testify at trial without any requirement for [for] a written report." Fed. R. Civ. P. 26, 1993 Advisory Committee Notes.

A treating physician is not considered a retained expert for purposes of Rule 26(a)(2), and thus need not submit a report, if his testimony is based on observations made during the course of treatment, the testimony was not "acquired or developed in anticipation of litigation or for trial," and the testimony is based on personal knowledge. *Richardson v. Consolidated Rail Corp.*, 17 F.3d 213, 218 (7th Cir. 1994) (quoting *Patel*, 984 F.2d at 218). *See, e.g., Figueroa v. City of Chicago*, No. 97 C 8861, 2000 WL 520926, at *4 (N.D. Ill. Apr. 24, 2000) (Conlon, J.). *See also Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999). Put another way, it is only when the treating physician gives opinions beyond the scope of his own observation and treatment that he is considered a "retained" expert for purposes of Rule 26(a)(2).

In support of its motion, defendant relies primarily on *Patel v. Gayes*, 984 F.2d 214 (7th Cir. 1993). Though that case concerned the pre-1993 version of Rule 26, it reasoning remains valid. The court noted that the Rule does not require "expert" disclosures from a witness "'whose information was not acquired in preparation for trial but rather because he was an actor

3

or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit.'" *Id.* at 217 (quoting Fed. R. Civ. P. 26(b)(4)(A), 1970 Advisory Committee Notes). But it went on to state that "an expert must be identified if his testimony does not come from her personal knowledge of the case, or if his knowledge was 'acquired or developed in anticipation of litigation or for trial.'" *Id.* at 218 (quoting *Grinnell Corp. v. Hackett*, 70 F.R.D. 326, 331 (D.R.I. 1976)) (other citations omitted). In *Patel*, the plaintiff's treating doctors proposed to testify about matters that had not been implicated in their treatment of the plaintiff, including a particular test and the general medical standard of care in the community. The court said that as to these matters, the doctors' testimony "was not based on their observations during the course of treating [the plaintiff's] illness" and constituted opinions formulated "only when preparing for litigation." It therefore upheld the district court's refusal to permit the doctors to testify regarding these matters due to the plaintiff's failure to make timely expert disclosures. *See also, e.g., Richardson v. Consolidated Rail Corp.*, 17 F.3d 213, 218 (7th Cir. 1994).

Defendant appears to take the position that anything Dr. Romero might say about causation and permanency is necessarily outside the scope of his treatment of the plaintiff. The Court does not agree. The fact that a treating doctor proposes to give an opinion regarding the causation and permanency of his patient's injury does not by itself make him a retained expert for purposes of Rule 26(a)(2). Indeed, it is common for a treating physician to consider his patient's prognosis as well as the cause of the patient's injuries. *See Finney-Seymour v. United Parcel Service of America, Inc.*, No. 00 CV 2, 2001 WL 253044, at *1 (D. Vt. Jan. 22, 2001); *Salas v. United States*, 165 F.R.D. 21, 32 (W.D.N.Y. 1995); *Baker v. Taco Bell*, 163 F.R.D. 348, 349 (D. Colo. 1995). "Developing an opinion as to the cause of the patient's injury based on a physical

examination ... is 'a necessary part of treatment' and does not make the treating physician an expert." *Finney-Seymour*, 2001 WL 2530444, at *1 (quoting *Brundidge v. City of Buffalo*, 79 F. Supp. 2d 219, 224 (W.D.N.Y. 1999)). The same may be true regarding the permanency of the plaintiff's condition. If the physician formed such opinions during, and as part of, his treatment of the patient, they are no different from any other opinion – such as a diagnosis or decisions regarding the proper treatment – that he formed during the course of treatment. Testifying about such opinions at trial does not convert the treating physician into a retained expert for purposes of Rule 26(a)(2), as the opinions were not acquired or developed in anticipation of litigation or trial.

In short, so long as Dr. Romero's testimony is limited to opinions he developed during and as part of his treatment of the plaintiff, his testimony will be permitted. The Court will require this foundation to be established before allowing Dr. Romero to render the opinions at issue.

## Conclusion

For the reasons stated above, the Court denies without prejudice defendant's motion *in limine* to bar treating physicians from offering expert testimony [Docket Item 44-1].

[signature]
MATTHEW F. KENNELLY
United States District Judge

Date:   September 17, 2001

5